*[189]
 
 RICHARDSON, J.
 

 Defendant appeals his conviction, after a jury trial, of robbery in the first degree, ORS 164.415, and makes three assignments of error. First, the failure of the trial court to grant his motion for a mistrial following the prosecutor’s remarks during voir dire, secondly, the refusal of the trial court to allow him to present surrebuttal evidence and finally, the failure of the trial court to grant his motion for a mistrial on the ground the prosecutor failed to accord him complete discovery under ORS 135.805 et seq.
 

 During voir dire, defense counsel addressed a prospective juror regarding the grand jury, in the following manner:
 

 "* * * It is a group of six people, and the State goes in there with their evidence, presents it to these six people. I can’t be there. The Defendant can’t be there. There could be no defense witnesses. And then, if the six people feel there is enough evidence to go forward, they return the indictment which is what Judge Beckett read to you. You understand that is a one-way street?”
 

 Subsequently, the prosecutor had the following exchange with the same prospective juror:
 

 "Q. * * * The point is: The Grand Jury does return the indictment. This brings it to trial, just as was pointed out, and that is why you are here, why we’re here. And then the point was made: Does that indictment prejudice the Defendant that has been indicted?
 
 Are you aware that probably over 90 percent of the persons that are indicted actually plead guilty? Have you heard those kinds of statistics?
 

 "A. No, I, I don’t recall that I have.
 

 "Q.
 
 That of the rest of the ten percent that go to trial, probably 70, 80percent, or 90 percent in the jurisdiction are convicted?”
 
 (Emphasis added.)
 

 At this point defense counsel objected to the prosecutor’s remarks. Without specifically ruling on the objection, the court told the deputy district attorney to "make your point.” When the prosecutor completed his
 
 *[190]
 
 remarks, the following exchange took place between defense counsel and the court:
 

 «* * * Excuse
 
 me,
 
 your Honor. I have something out of the presence of the prospective jury members at this point.
 

 "THE COURT: If you are going to move for a mistrial now, it would be denied.”
 

 A motion for mistrial is addressed to the discretion of the trial court and only an abuse of discretion will justify reversal.
 
 State v. Atkinson,
 
 28 Or App 909, 562 P2d 978 (1977);
 
 State v. Embry,
 
 19 Or App 934, 530 P2d 99 (1974), Sup Ct
 
 review denied
 
 (1975);
 
 State v. Seeger,
 
 4 Or App 336, 479 P2d 240 (1971);
 
 State v. James Edward Smith,
 
 4 Or App 261, 478 P2d 417 (1970). In approaching a motion for mistrial the trial court must first determine if the remarks presented to the jury would have a likelihood of prejudicing the rights of the defendant to have a fair and impartial trial. If the court determines the probability of prejudice exists it may grant the mistrial or may seek to remove the prejudicial impact of the remarks by a curative instruction. If the court feels the prejudice, if any, does not warrant halting the trial or a curative instruction, it may take no further action if that route can be followed in fairness to the defendant. The overriding inquiry is whether the defendant can receive a fair trial if it were to continue.
 

 In this case the remarks of the prosecutor were clearly improper. The state, while conceding their impropriety, argues the remarks were necessary to cure misleading comments by defense counsel. The prosecutor’s remarks went beyond any curative attempt or fair comment. The import of the prosecutor’s comments was that the grand jury was nearly always correct in its accusations and the trial jury would in all probability be correct in a finding of guilty. It is a part of human nature to seek support in weighty decisions such as the guilt or innocence of an accused. The remarks of the prosecutor would tend to appeal to this aspect of human nature by suggesting to the jury a
 
 *[191]
 
 finding of guilty as charged in the indictment would be statistically correct in that jurisdiction. The comments and their logical inferences went unchallenged. The terse comment by the court in front of the jury, denying the mistrial, would in all probability be seen by the jury as condoning the improper remarks and as lending support to the inferences the comments suggest. There was a strong likelihood of prejudice to the defendant and the mistrial should have been granted.
 

 Since it is unlikely the procedural matters raised in defendant’s other assignments of error will occur in a new trial, it is unnecessary to rule upon these assignments.
 

 Reversed and remanded for new trial.