Argued and submitted August 5, affirmed September 30, petition for review denied December 15, 1998 (328 Or 194)

# STATE OF OREGON,
*Respondent,*

*v.*

# JOAN MARION DELL,
*Appellant.*

## (CR4-0633; CA A86633)

967 P2d 507

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Holly A. Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Riggs, Presiding Judge pro tempore and Landau and Wollheim, Judges.

RIGGS, P. J. pro tempore.

**RIGGS, P. J. pro tempore.**

In this criminal proceeding, defendant seeks reversal of her conviction for driving under the influence of intoxicants (DUII). ORS 813.010. She asserts that the trial court erred in failing to permit her to testify or be heard in her own defense, or alternatively, that the trial court erred in failing to make inquiries as to whether she wished to discharge her attorney during trial. For the following reasons, we affirm.

On March 6, 1994, defendant was pulled over for erratic driving, given field sobority tests and an Intoxilyzer test, and ultimately was charged with DUII. She was convicted after a jury trial.

Defendant's arguments on appeal concern the conduct of her trial. During the state's case-in-chief, defendant interrupted the testimony of one of the arresting officers, stating, "that's not true," and, when her attorney tried to shush her, "You don't—let me testify. That's not true." During defendant's case, defense counsel stated in a colloquy with the trial judge that they had elected not to have defendant testify. At that point, the following exchange took place out of the jury's presence:

"DEFENDANT: Can I change my mind on whether I want to testify or not?

"THE COURT: All right. [Unintelligible.]

"DEFENSE COUNSEL: Against my recommendation."

The court, counsel and defendant then discussed whether defendant would be permitted to leave certain books on counsel table and whether certain evidence that the defense wished to offer was inadmissible hearsay. During these discussions, defendant interjected regularly, and defense counsel tried to shush her. After that, the defense called its final witness, and then rested. Defense counsel did not call defendant to testify.

The state began its closing argument, and defendant interjected several times with comments about, and contradictions of, the evidence that the prosecutor was describing. The trial judge told defendant: "This is—everybody gets his

or her time to talk and this is [the prosecutor's] time to talk. And then [defense counsel] will get a chance to talk. After this is over, why, you can talk." After the prosecutor finished the closing argument, defendant asked "whether I can go on the stand or not?" The court responded that defendant needed to let her attorney "talk for her." After closing arguments, while the judge was instructing the jury that defendant had a constitutional right not to testify, defendant interrupted again: "I—I would like to testify. He just told me I have a constitutional right to testify." Defense counsel shushed defendant, and the court continued to instruct the jury. Defendant asserted several more times during jury instructions that she wanted to testify and again was shushed by her attorney. The court finished instructing the jury, which ultimately returned a verdict of guilty.

On appeal, defendant first asserts that the trial court erred in failing to permit her to testify. Defendant further argues that, because Article I, section 11, provides that "the accused shall have the right * * * to be heard by himself *and* counsel," the trial court erred in telling defendant that she had to let her lawyer speak for her during trial. Defendant argues that she has a constitutional right to testify under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, and that the trial court had a duty to act affirmatively—and *sua sponte*—to protect defendant's right to be heard. We disagree.

Article I, section 11, has never been interpreted to allow defendants to interject comments and unsworn testimony at will during the state's case, during closing arguments, during jury instructions, or indeed during defendant's own case. When defendant interrupted closing arguments and jury instructions, the trial court properly informed defendant that she needed to let her attorney talk for her. In *State v. Stevens*, 311 Or 119, 124, 806 P2d 92 (1991), the court explained that Article I, section 11, "grants two distinct, not overlapping, rights: the defendant's right to make a statement and to testify, and the defendant's right to be represented by counsel." Article I, section 11, does not give a represented criminal defendant the right to act as co-counsel at

trial. *Id.* The trial court did not err in refusing to allow defendant to be heard during the state's case, during closing arguments, and during jury instructions. The Sixth Amendment also does not provide such rights. *See, e.g., McKaskle v. Wiggins,* 465 US 168, 183, 104 S Ct 944, 79 L Ed 2d 122 (1984) (no Sixth Amendment right to "hybrid representation").

█ Defendant next argues that the trial court erred in failing to call her to testify on her own behalf. She offers no law in support of the proposition that a trial court has the authority to call a defendant to the witness stand in a criminal trial. It is not for the trial judge to decide whether or not a criminal defendant should testify. That is a decision that ultimately must be made by a defendant, generally after consultation with trial counsel. Defendant refers to *Ashley v. Hoyt,* 139 Or App 385, 912 P2d 393 (1996), for the proposition that the choice to testify belongs ultimately to the defendant and not to trial counsel. That is true. If trial counsel fails to call his or her client to the stand, despite the client's choice to testify, trial counsel has provided inadequate assistance in violation of Article I, section 11, of the Oregon Constitution. However, claims of inadequate assistance of counsel may not be raised on direct appeal. *Bryant v. Thompson,* 324 Or 141, 149, 922 P2d 1219 (1996); *State v. McKarge,* 78 Or App 667, 668, 717 P2d 656 (1986). We are not in a position on direct appeal to determine whether defendant's counsel provided inadequate assistance by failing to call her to the stand. Evaluation of that question requires evidence—not available in the record of a direct appeal—concerning counsel's advice to his or her client on the subject. Defendant's arguments concerning her wish to testify must be made in the context of a post-conviction proceeding where a record on this issue may be developed.

Defendant's argument under the Sixth Amendment must fail for similar reasons. Defendant asserts that, under *Rock v. Arkansas,* 483 US 44, 107 S Ct 2704, 97 L Ed 2d 37 (1987), a trial court is required to permit a criminal defendant to testify. *Rock,* however, did not involve a situation where trial counsel failed to call the defendant to the stand. In *Rock,* the trial court refused to allow the defendant to testify based on a state statute that limited the admission of

"hypnotically refreshed" testimony. *Id.* at 47. In that case, which did not involve any implicit argument that the defendant was deprived of constitutionally adequate assistance of counsel, the record on direct appeal squarely presented the issue of whether the defendant should have been allowed to testify. For the same reasons that defendant's state constitutional claims of inadequate assistance of counsel may not be decided on direct appeal, neither can her Sixth Amendment claims.

 Finally, defendant suggests that the trial court had a duty to inquire, *sua sponte*, whether she wished to dismiss her trial counsel at some point during trial. Defendant cites no authority for this proposition, and we are aware of none. Because defendant did not express dissatisfaction with trial counsel, the court had no reason to inquire on the subject. *See, e.g., State v. Grcich*, 148 Or App 337, 342, 939 P2d 649 (1997) (*"[w]hen presented with such an issue*, a court has an affirmative duty to determine the merits of a request for a new court-appointed attorney on the record" (emphasis added)). Moreover, no case law supports the proposition that a trial court has a duty to suggest to a defendant that he or she should proceed *pro se*. On the contrary, when a defendant seeks to represent himself or herself, the trial court has an affirmative duty to explain the risks of self-representation. *State v. Cole*, 323 Or 30, 33-34, 912 P2d 907 (1996); *State v. Meyrick*, 313 Or 125, 134, 831 P2d 666 (1992). We reject defendant's argument that the trial court was required, *sua sponte*, to inquire whether she wished to dismiss her attorney.

Affirmed.