PER CURIAM
*593 Defendant appeals from a judgment of conviction for six counts of first-degree aggravated theft (Count 1 and Counts 3 through 7), one count of first-degree theft (Count 2), and seven counts of aggravated identify theft (Counts 8 through 14). Defendant raises 18 assignments of error related to her sentencing.
In her first through fourth assignments of error, defendant argues that the trial court plainly erred when it applied the 2012 version of ORS 137.717 to her sentences on Counts 1, 2, 8, and 9, because those crimes were committed in 2011. Defendant asserts that the trial court was required to apply the 2010 version of that statute, which permitted a maximum sentence that is less than the one the court imposed for those counts. The state concedes that the court plainly erred. We accept the state's concession and conclude that it is appropriate to exercise our discretion to correct the plain error for the reasons stated in State v. Camacho-Alvarez , 225 Or. App. 215, 217, 200 P.3d 613 (2009) -viz. , the state has no interest in our refusing to correct the error, we perceive no strategic or tactical reason for defendant's attorney to not have raised the issue at sentencing, the burden on the justice system to resentence defendant is minimal, and "the ends of justice are served by convicting and sentencing defendant according to the law."
In her fifth through eighteenth assignments of error, defendant argues that, for a variety of reasons, the trial court plainly erred in imposing durational departure sentences on all 14 counts. The state concedes that the court plainly erred on the basis that the court imposed the sentences without finding that the alleged departure factors were proved beyond a reasonable doubt. We accept the state's concession and conclude that it is appropriate to exercise our discretion to correct the plain error for the same reasons as stated above. Because we reverse defendant's sentence for all of her convictions on that basis, we do not address her other arguments raised on those assignments of error.
Remanded for resentencing; otherwise affirmed.