Submitted May 29, 2020, affirmed February 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZHIVAGO CAYA RHODES,
*Defendant-Appellant.*

Linn County Circuit Court
17CR84551; A168454

481 P3d 412

Thomas McHill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by jury verdict on two counts of first-degree sexual abuse, ORS 163.427 (Counts 1 and 2). Defendant's timely appeal assigns error to (1) the admission of evidence regarding a medical diagnosis of child sexual abuse; (2) the failure to strike or provide a curative instruction for the prejudicial evidence of the medical diagnosis of child sex abuse; (3) ineffective assistance of counsel in violation of the Oregon and United States Constitutions; and (4) a nonunanimous jury instruction. We reject without written discussion the first, second, and third[1] assignments of error.

In the fourth assignment of error, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error warranting review for plain error. Subsequent to the United States Supreme Court ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that a nonunanimous jury instruction was not a structural error that categorically required reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As defendant did not preserve this issue, nor was the jury polled, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness * * * that motivates the preservation requirement").

Affirmed.

---

[1] Ineffective assistance of counsel claims must be raised and resolved under the post-conviction relief procedure established by statute in Oregon and not on direct appeal. *State v. Dell*, 156 Or App 184, 188, 967 P2d 507, *rev den*, 328 Or 194 (1998).