Submitted July 6, affirmed August 9, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RALPH EDWARD BABCOCK,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR01071; A176785

535 P3d 345

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010(4). On appeal, he argues that the trial court erred in failing to intervene *sua sponte* to strike improper statements by the prosecutor during rebuttal closing argument. Defendant did not object to the challenged statements at trial, so he requests plain-error review. *Held*: It was not beyond dispute that the prosecutor's remarks were so prejudicial that defendant was denied a fair trial. The requirements for plain error in this context therefore are not met.

Affirmed.

Beth M. Bagley, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010(4). On appeal, he raises a single assignment of error, arguing that the trial court erred in failing to intervene *sua sponte* to strike improper statements by the prosecutor during rebuttal closing argument. Applying the principles recently articulated in *State v. Chitwood*, 370 Or 305, 307, 518 P3d 903 (2022), we affirm.

In rebuttal closing argument, the prosecutor referred to two "things" that were discussed during jury selection "that are now important." The first was that the jury had to follow the law, even if it disagreed with it. The second was tied to the state's legal theory that, even under defendant's view of the case, he was guilty of the charged offense:

> "And two, *just because—just because we're here doesn't necessarily mean there is a big issue.* I'm telling you right now defense's theory is he was guilty, just not guilty the way you think he's guilty. 'You' being me.

> "*Just because we're here doesn't mean there's some diamond in the rough you've got to find. Everyone has a constitutional right to a trial. We're here. That's it. I say he's guilty.* I—the State proffers he's guilty. The defense just proffered to you that he's guilty. Every single witness, including defense expert, who said he's—but for controlled substance use, he would be—he would not be suffering for a substance-induced psychotic episode. That's it.

> "And so at the end of the day, we're asking you to follow the law and find him guilty of DUI."

(Emphases added.)

Defendant challenges the above-italicized statements. Because he did not object at trial, he requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing

inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

The Supreme Court recently addressed in *Chitwood* how to approach plain-error review in this specific context. It must be "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *Chitwood*, 370 Or at 312 (internal quotation marks omitted). Moreover, "a defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Id.*; *see also State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) ("In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." (Emphasis in original.)). That is important because, "[g]enerally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009).

In this case, defendant challenges both the prosecutor's references to defendant's right to a trial and the prosecutor's remark, "I say he's guilty."

As to the latter ("I say he's guilty"), defendant argues that it was improper for the prosecutor to offer a personal opinion as to guilt. That is essentially a vouching argument, and it is not well-taken. In context, the jury would have understood the prosecutor to be asserting the state's position that the evidence proved that defendant was guilty, not to be expressing his personal opinion on the matter. *See Heroff v. Coursey*, 280 Or App 177, 194, 380 P3d 1032 (2016), *rev den*, 360 Or 851 (2017) ("[I]t is permissible for a prosecutor to argue that the jury should infer that a witness is credible based on the evidence in the record, so long as the prosecutor does not vouch for the witness by interjecting his or her personal opinion of the witness's credibility.").

As for referring to defendant's right to a trial, "[a] prosecutor's reference to or comment on a defendant's invocation of a constitutional right, such as the right to counsel, the right to remain silent, or the right to a trial, may prejudice a defendant's ability to have a fair trial if the jury is likely to draw a *negative inference* from the exercise of that right." *State v. Soprych*, 318 Or App 306, 309, 507 P3d 276 (2022) (emphasis added). Defendant argues that the statements here "degraded the presumption of innocence" and "invited the jury to infer that defendant was guilty because the prosecutor believed he was guilty and only guilty people exercise their right to a trial."

We have already addressed the "I say he's guilty" remark. The gist of the remaining statements was that not every case has a "big issue," that not every case has some hidden gem for the jury to find, and that cases are tried simply because everyone has a constitutional right to a trial. Thus, the prosecutor suggested to the jury that this particular case was an easy one—in the context of arguing that this was an unusual case in which the parties disagreed on the law but largely agreed on the facts, such that, in the state's view, the elements of the offense were proved whether the jury accepted the state's version of events or defendant's version of events (which differed only as to the timing of when defendant used methamphetamine).

It is debatable whether the challenged statements were likely to cause the jury to draw a negative inference from defendant's exercise of the right to a trial, *i.e.*, that only guilty people go to trial. We disagree with defendant that the situation is directly comparable to that in *Soprych*. There is similarity between the underlying point that the prosecutor was trying to make in *Soprych* (as described to the trial court in responding to the defendant's objection)—"that just because 'there's a trial doesn't mean there's an issue,'" 318 Or App at 311—and what the prosecutor said in closing here. However, our holding in *Soprych* was based on what the prosecutor actually said to the prospective jurors, not just the underlying premise. The prosecutor in *Soprych* illustrated the right to a trial with a single lengthy hypothetical about a very obviously guilty person, which, in

context, undermined the presumption of innocence. *Id.* at 311. "In short, the implication of the prosecutor's hypothetical and additional comments was that obviously guilty people will invoke their right to a trial, and this jury had been called only as a formality, because defendant was one of that group." *Id.* It is not as obvious that the prosecutor's statements in this case would have been understood to imply that only guilty people go to trial. Moreover, the defendant in *Soprych* objected at trial, so, on appeal, we could decide the issue in his favor even if the legal point was not "obvious." *See Vanornum*, 354 Or at 629 (one requirement for "plain" error is that the legal point is obvious and not reasonably in dispute).

Ultimately, we are unpersuaded that the prosecutor's statements in this case were so prejudicial that the trial court could not have stricken them or given a curative instruction and, instead, had to declare a mistrial.[1] That is dispositive under the standard for plain-error review discussed in *Chitwood*. *See Chitwood*, 370 Or at 312; *Durant*, 327 Or App at 364-65. Accordingly, we reject defendant's claim of plain error.

Affirmed.

---

[1] Indeed, in his appellate briefing, which was filed before the Supreme Court's decision in *Chitwood*, defendant does not even argue that the prosecutor's statements rose to the level of requiring a mistrial. He argues only that it was plain error not to strike them. We nonetheless address the alleged error in the mistrial framework, consistent with *Chitwood*, given the timing.