No. 395 June 12, 2024 179

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THEODORE HOLLAND SETTLEMIER II,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR33737; A177197

Raymond D. Crutchley, Judge.

Argued and submitted March 14, 2024.

Nora Coon, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction after a jury trial of one count of fourth-degree assault constituting domestic violence, ORS 163.160, and one count of menacing constituting domestic violence, ORS 163.190.[1] He seeks reversal, contending that the trial court should have *sua sponte* granted a mistrial or issued a curative instruction when the prosecutor, during rebuttal closing argument, argued, "Ladies and gentlemen, one person once said that for evil to triumph, good people—good men and women do nothing. Don't let evil triumph in this time. Find the defendant guilty."

Defendant argues that the prosecutor's remarks regarding "evil" were error because they mischaracterized the burden of proof, were not based on evidence in the record, and appealed to the jurors on an improper basis. Defendant's argument was not made below; thus, it is unpreserved, and we would exercise our discretion to correct the asserted error only if it constitutes "plain error."

Since the Supreme Court's opinion in *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), we have had frequent occasion to consider unpreserved error relating to improper arguments made by a prosecutor during trial or in closing arguments. As the Supreme Court held in *Chitwood*, those asserted errors will be considered "legal error," for purposes of plain-error review, where it would have been an abuse of discretion for the trial court to have denied a motion for mistrial, because "it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied [the] defendant a fair trial." *Id.* at 321; *id.* at 312 (quoting *State v. Montez*, 324 Or 343, 357, 927 P2d 64 (1996)); *see also State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023) (citing *Chitwood*, 370 Or at 312).[2]

---

[1] The jury acquitted defendant of one count of fourth-degree assault and one count of menacing.

[2] As we said in *Pierpoint*, under *Chitwood*,

"in the unique context of plain error review of a prosecutor's improper statements, statements are 'legal error,' so as to constitute plain error, if they were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial. 370 Or at 312. *See State*

Here, we disapprove of the prosecutor's remarks. Although we do not agree with defendant that the remarks confused the jury as to the burden of proof, we agree that they had no basis in the evidence and encouraged the jury to determine defendant's guilt or innocence based on the prosecutor's characterization of defendant's conduct as "evil," a consideration that is not among the elements of the charged offenses that the state had a burden to prove beyond a reasonable doubt. *See Chitwood*, 370 Or at 314 ("[I]n deciding a defendant's guilt or innocence, a jury may consider only facts properly received in evidence," and "a prosecutor may not encourage the jury to decide the case on an improper basis."); *see also State v. Lundbom*, 96 Or App 458, 461, 773 P2d 11, *rev den*, 308 Or 382 (1989) (disapproving of prosecutor's statements "calculated to elicit an emotional response from the jury.").

But we conclude that any error does not constitute "legal error," because we conclude that it would not have been an abuse of discretion for the trial court to have denied a motion for mistrial, had defendant made one. Indeed, defendant's own assignment of error asserts that the court "plainly erred when it failed to declare a mistrial *or issue a curative instruction*." (Emphasis added.) "[P]rosecutorial statements that were improper but curable are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023). *See State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558

---

*v. Flores*, 31 Or App 187, 190, 570 P2d 94 (1977) (When faced with improper remarks to a jury, a trial court must determine whether the remarks have a likelihood of prejudicing the defendant's right to a fair trial if the trial continues, or if curative instructions may ameliorate whatever prejudice resulted from the improper conduct.). In other words, the misconduct constitutes 'legal error' if it would have been an abuse of discretion for the trial court to deny a motion for a mistrial had one been made. In addressing that issue in *Chitwood* and concluding that the comments constituted 'legal error,' the court cited the collective effect of the prosecutor's incorrect characterization of the burden of proof, the influential timing of the prosecutor's misstatement at the end of rebuttal, the prosecutor's suggestion to the jurors that they could decide the defendant's guilt based on emotional factors that were not elements of the offense, and the closeness of the case. *Id*. at 317-21. The court concluded: 'The error was one of law because the statements were so prejudicial that, if defendant had objected and moved for a mistrial, the trial court would have committed legal error had it denied the motion.' *Id*. at 321." 325 Or App at 308-309.

US 873 (2009) ("Generally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct[.]"). We must assume that the jury could have followed a curative instruction to disregard the prosecutor's remarks, unless there is "an overwhelming probability" that it could not have. *State v. Harris*, 303 Or App 464, 467, 461 P3d 1080, *rev den*, 367 Or 291 (2020) (quoting *State v. Garrison*, 266 Or App 749, 757, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015)). Additionally, as the state points out, the court had previously instructed the jury that a criminal defendant is presumed innocent, that the state bears the burden to prove guilt beyond a reasonable doubt, that the jury was required to base its verdict "on the evidence and these instructions," and that it must not rely on "guesswork, conjecture, or speculation." The trial court had also instructed the jury on the elements of the offenses, that the lawyers' statements were not evidence, and to "disregard[ ]" any suggestion that it could rely on defendant's "character" to draw conclusions about why the victim did not immediately report the assault. Each of those instructions countered the inappropriate implication of the prosecutor's statement that the jury should convict defendant because he was, or his acts were, evil, and we must presume that the jury followed them. *Id.*

Further, we conclude that the prosecutor's remarks, although inappropriate, were not among the rare statements that are "so prejudicial that, as a practical matter, the bell once rung, cannot be unrung[.]" *State v. Jones*, 279 Or 55, 62, 566 P2d 867 (1977); *cf. State v. Muniz*, 332 Or App 56, 63, ___ P3d ___ (2024) (prosecutor's arguments at the end of rebuttal, when viewed in the context of the record as whole in an emotionally fraught case, including an earlier appeal to the jurors' emotions, were so prejudicial that, as a practical matter, they could not have been cured by an instruction); *State v. Montgomery*, 327 Or App 655, 660, 536 P3d 627 (2023) ("[The] prosecutor's repeated inappropriate statements of the prosecutor's personal view that defendant was a liar were so prejudicial that, if defendant had objected and moved for a mistrial, the trial court would have abused its discretion in denying the motion."). Thus, we conclude that the denial of a motion for mistrial would not have been

an abuse of discretion, and that the record therefore does not establish "legal error." *Chitwood*, 370 Or at 312. For that reason, we decline to consider defendant's asserted plain error.

Affirmed.