422 August 14, 2024 No. 575

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELSIE MAE GIBBS,
aka ElsieMae Marie Gibbs,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR39573; A178419

Adrian L. Brown, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals her conviction for second-degree criminal mischief, ORS 164.354. In two assignments of error, she presents a combined unpreserved argument and contends that the trial court plainly erred "in failing to intervene or declare a mistrial" after the prosecutor improperly commented on the exercise of her constitutional right to a trial. Therefore, defendant argues that the prosecutor's statements denied her a fair trial. Although the prosecutor's comments were improper, we conclude that the trial court did not plainly err under *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022). Therefore, we affirm.

During the state's closing, the prosecutor argued that the state's evidence established defendant's guilt. The prosecutor argued:

> "So after going through those elements and seeing that the state clearly meets each of those elements, you may ask yourself, like, *'Why am I here? Did I miss anything? Why is this even at trial?' And that's understandable.* And that it's a simple case with clear evidence that [defendant] damaged [the victim's] car. And again, it's literally caught on video. Both the incident caught on video, and [defendant's] statement to police that she caused the damage is caught on video. *However, [defendant] is entitled to a trial and that's why we're here.*

> "So I ask that you follow the law given to you, apply the facts, and you will see that the state has proven its burden beyond a reasonable doubt."

(Emphases added.)

On appeal, defendant acknowledges that she did not object to the state's closing, but asserts that the trial court plainly erred because it "permitted the prosecutor to comment on defendant's invocation of her right to a trial" and "failed to declare a mistrial." We disagree.

When an appellant does not preserve an issue below, the appellant can nonetheless ask us to review for "plain error." ORAP 5.45(1), (4)(b), (7). Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious

and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

As the Supreme Court explained in *Chitwood*, "[T]o establish legal error, a defendant who seeks review of an unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived the defendant of a fair trial." 370 Or at 313-14. Further, "'a defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial.'" *Id.* at 312; *see also State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) ("In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." (emphasis in original)).

We recently addressed an analogous circumstance in *State v. Babcock*, 327 Or App 358, 360, 535 P3d 345 (2023). In that case, the prosecutor "suggested to the jury that this particular case was an easy one." *Id.* at 361. Specifically, the prosecutor argued, among other things, "[J]ust because we're here doesn't necessarily mean there is a big issue. *** Just because we're here doesn't mean there's some diamond in the rough you've got to find. Everyone has a constitutional right to a trial. We're here. That's it." *Id.* at 359 (emphasis omitted). We explained that a "prosecutor's reference to or comment on a defendant's invocation of a constitutional right, such as *** the right to a trial, may prejudice a defendant's ability to have a fair trial *if the jury is likely to draw a negative inference* from the exercise of that right." *Id.* (internal quotation marks omitted; emphasis added). After determining that "it [was] not as obvious that the prosecutor's statements in this case would have been understood to

imply that only guilty people go to trial," we concluded that "the prosecutor's statements *** were [not] so prejudicial that the trial court could not have stricken them or given a curative instruction and, instead, had to declare a mistrial." *Id.* at 362.

This case presents a similar circumstance and we conclude that the prosecutor's statements were not so prejudicial as to deprive defendant of a fair trial. Here, the prosecutor commented on defendant's exercise of her right to a jury trial and implied that defendant was obviously guilty and was wasting everyone's time by taking the case to trial. Those comments were improper. *See Durant*, 327 Or App at 371 ("It is the state that chooses to pursue criminal charges against a person, and, unless the person pleads guilty or no-contest, a trial is the necessary mechanism by which the state must prove its case."). However, we consider "what the prosecutor *actually* said to the prospective jurors, not just the underlying premise." *Babcock*, 327 Or App at 361 (emphasis added). Because "[i]t is debatable whether the challenged statements were likely to cause the jury to draw a negative inference from defendant's exercise of the right to a trial," *id.*, we conclude that the trial court could have remedied any prejudice with a curative instruction and was not required to grant a mistrial. *See Durant*, 327 Or App at 372 ("[E]ven if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction."). "That is dispositive under the standard for plain-error review discussed in *Chitwood*." *Babcock*, 327 Or App at 362. Therefore, the trial court did not plainly err.

Affirmed.