No. 861　　November 27, 2024　　489

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS FEDERICO,
*Defendant-Appellant.*

Marion County Circuit Court
19CR73389; A180247

Erious C. Johnson, Jr., Judge. (Judgment)

Lindsay R. Partridge, Judge. (Amended Judgment)

Argued and submitted October 30, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant, a former high school teacher, appeals his convictions for various sex offenses after he had a sexual relationship with J, a 17-year-old student. He assigns three errors. For the reasons explained below, we affirm.

Defendant first assigns error to the denial of his motion for a mistrial after the prosecutor referenced a search warrant in front of the jury. We review a trial court's denial of a motion for a mistrial for abuse of discretion; we "will not reverse a conviction on that basis unless the defendant was denied a fair trial." *State v. Schumacher*, 315 Or App 298, 301, 500 P3d 698 (2021). During trial, defense counsel attempted to cast doubt on J's credibility by implying that she had never disclosed a sexual encounter at the school. The prosecutor objected and referenced a search warrant that had been suppressed:

> "I don't believe these are facts in evidence. Law enforcement *** received a search warrant for the office of the high school, in fact, because *** this witness articulated that sexual contact happened in the school. And counsel is suggesting that this witness has never said that to anyone which is a false recitation of what occurred."

Based on that exchange, defense counsel moved for a mistrial. The trial court denied that motion, positing that it did not "think the jury picked it up" or that the exchange was prejudicial to defendant's case. The trial court then instructed the jury, "[w]hatever the conversation was just before I asked [the bailiff] to escort you all out, act like it didn't happen. Totally disregard it."

On appeal, defendant advances three arguments as to how the prosecutor's conduct prevented him from receiving a fair trial. First, defendant contends that the prosecutor's statements were an improper reference to defendant's exercise of his constitutional right not to consent to a search. However, it is not clear that the isolated reference to a search warrant related to defendant's refusal to allow law enforcement to search (which was, in fact, not what occurred in this case). *See State v. Hunt*, 297 Or App 597, 601, 442 P3d 232 (2019) (A reference to the exercise of a constitutional right

"may not be prejudicial if it is incidental to some other point that diverts the jury's focus *** or it is ambiguous and isolated without any elaboration[.]"). Moreover, the trial court instructed the jury to disregard the statement. *See State v. Babcock*, 327 Or App 358, 361-62, 535 P3d 345 (2023) (concluding that because it was "debatable whether" the prosecutor's statements were likely to imply "that only guilty people go to trial," the trial court could have "stricken" the contested statements or given a curative instruction to remedy any prejudice).

Second, defendant contends that the prosecutor's description of defense counsel's suggestion that J never reported a sexual encounter at the high school was a "false recitation" that disparaged defense counsel in front of the jury. *See, e.g.*, *State v. Brunnemer*, 287 Or App 182, 187, 401 P3d 1226 (2017) ("When a prosecutor attempts to influence the jury by making unwarranted personal attacks on defense counsel, that conduct is not only unfair, but it impugns the integrity of the system as a whole because such conduct dangerously overshadow[s] what a defendant's case is really about.") (Internal marks omitted; brackets in original). However, the prosecutor's comment focused on the potential inaccuracy of a single statement by defense counsel, not defense counsel's general truthfulness or competency. *Cf. State v. Knight*, 343 Or 469, 482-83, 173 P3d 1210 (2007) (concluding that the trial court admitting evidence of the "defendant's persistent references to [his] trial counsel as 'this fucking attorney and 'this motherfucker'" prejudiced the defendant's ability to receive a fair trial because the jury would not "view defense counsel as more credible" than the prosecutor).

Third, defendant contends that the curative instruction was too vague to mitigate the prejudice because the court only instructed the jury to disregard, "[w]hatever the conversation was."[1] However, the court included the qualifier: "just before I asked [the bailiff] to escort you all out." That instruction cabined what the jury should disregard—the conversation among the prosecutor, defense counsel,

---

[1] The state contends that defendant's argument is unpreserved. For purposes of this appeal, we assume without deciding that defendant's argument is preserved.

and the trial court. Because the trial court's handling of the prosecutor's interjection was within "the range of legally permissible choices," the trial court did not abuse its discretion in denying defendant's motion for a mistrial. *State v. Johnson*, 329 Or App 728, 733, 541 P3d 506 (2023), *rev den*, 372 Or 560 (2024) (internal quotation marks omitted).

Defendant's second and third assignments of error challenge the prosecutor's rebuttal closing argument. He acknowledges that those arguments are unpreserved and requests plain error review. In that posture, we assess whether a prosecutor's closing argument is so "egregious that, if the defendant had made a motion for a mistrial, the court would have erred, as a matter of law, in denying it." *State v. Durant*, 327 Or App 363, 366, 535 P3d 808 (2023) (internal quotation marks omitted).

Defendant contends that the prosecutor distorted the burden of proof and made an improper emotional appeal by arguing that a juror would struggle to explain how the evidence—text messages between defendant and victim, hotel receipts, and a nondisclosure agreement— supports defendant's case when discussing it with a loved one. Defendant argues that the implication suggested that the jury must point to defense evidence in order to vote not guilty. We disagree.

It is not "'beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial.'" *Id.* at 372 (quoting *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022)). The prosecutor contended that the juror should interpret the evidence—the text messages, the hotel receipts, and the non-disclosure agreement—in the state's favor, arguing that no alternative explanation exists. And the prosecutor's comments invoking the jurors' loved ones—though not optimal—did not confuse the jury as to which party had the burden of proof. *See State v. Settlemier*, 333 Or App 179, 181, 551 P3d 995 (2024) (concluding that the prosecutor's "characterization of defendant's conduct as 'evil'" did not confuse the jury as to the burden of proof). Importantly, had defense counsel moved for a mistrial because of the prosecutor's statements, it would not have been an abuse of discretion for the trial court to deny

it because a curative instruction could have remedied the problem. *See id.* (explaining that it "would not have been an abuse of discretion for the trial court to have denied a motion for a mistrial had defendant made one"). Accordingly, the trial court did not plainly err.

Affirmed.