726 October 1, 2025 No. 862

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID VALENCIA-ZEFERINO,
*Defendant-Appellant.*

Washington County Circuit Court
23CR35212; A183005

Eric Butterfield, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of second-degree assault, ORS 163.175, based on an incident behind a shopping complex in which he repeatedly swung a two-by-four board at a homeless man, T, and injured T's arm. On appeal, defendant raises six assignments of error, all of which are unpreserved and therefore reviewable only for plain error. The first five assignments of error challenge five statements the prosecutor made in closing argument, which defendant claims were so egregious as to require a mistrial. The sixth assignment of error pertains to the trial court's failure to define "initial aggressor" in instructing the jury on the law of self-defense and its limitations.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If the trial court plainly erred, it is a matter of discretion whether we will correct it. *Id.*

In the specific context of prosecutorial misconduct in closing argument, for there to be plain error, it must be "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). That is, "a defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Id.* "[P]rosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) (emphasis in original). "That is important

because, '[g]enerally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct.'" *State v. Babcock*, 327 Or App 358, 360, 535 P3d 345 (2023) (quoting *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009)). Only if "no curative instruction would have been effective" can it be said that a mistrial was necessary and the error plain. *State v. Perez*, 373 Or 591, 605, 568 P3d 940 (2025).

In this case, defendant challenges five statements made by the prosecutor in closing argument—one relating to defendant's behavior when the police arrived and four relating to self-defense—which defendant contends amounted to improper comments on his constitutional right to silence and were so prejudicial as to be incurable. We disagree.

Regarding the first statement, it was not improper for the prosecutor to argue that defendant's conduct of hiding in the bushes for 20 minutes after the police arrived evinced consciousness of guilt, but we assume *arguendo* that it was improper to comment on defendant not telling the police that he had acted in self-defense.[1] We are unpersuaded that such an impropriety was incurable and necessitated a mistrial. It follows that any error is not plain. *Perez*, 373 Or at 605; *Durant*, 327 Or App at 365. As for the other four statements, which were made in rebuttal closing, the state had the burden to disprove self-defense and thus had to prove a negative—that T did not do anything that triggered defendant's right to self-defense. In arguing that the state had

---

[1] In his opening statement, defense counsel posited a scenario in which defendant confronted T, T pulled out a knife, and defendant grabbed the two-by-four to defend himself. In closing argument, the prosecutor made the following argument regarding self-defense, including the italicized statement that defendant now challenges as prosecutorial misconduct:

"This wasn't an act of self-defense. [Defendant] wasn't hitting [T] in the arm. He wasn't aiming for his legs. He wasn't aiming for his torso. The defendant was aiming for [T]'s head, seeking to cause pain and injury. And the only reason he stopped was because his board broke. Then the defendant fled. He fled before police arrived. [T] remained to talk to police and explain what had occurred. The defendant didn't just try to get away, he hid. He hid for upwards of 20 minutes from police. He knew police were in the area. He knew that [an officer] was looking for the person who attacked [T]. *The defendant didn't come out to explain how he was just defending himself, and that's because he wasn't.* The defendant was trying to escape responsibility. He knew what he had done was wrong and so he was trying to hide and avoid being held accountable until he was caught."

met that burden, the prosecutor spoke in terms of there being "no evidence" of self-defense, but the context suggests that what he meant was that all of the evidence showed that defendant was acting as the aggressor and not in self-defense. Because that is a permissible argument, there is no plain error. *See Perez*, 373 Or at 607 (a prosecutor's statements were not obviously improper where "there was more than one way that the jury could have understood each of those comments, not all of which were impermissible").

Turning to the sixth assignment of error, the trial court instructed the jury on self-defense, including the initial-aggressor limitation on self-defense, but it did not explain what the term "initial aggressor" means in this context. Defendant argues that the court plainly erred by not defining that legal term of art, as it was necessary information for the jury to have in reaching its verdict. We agreed with a similar argument in *State v. Worsham*, 332 Or App 154, 548 P3d 849 (2024), *rev'd*, 373 Or 739, 571 P3d 759 (2025), but the Supreme Court reversed our decision, explaining that failure to instruct on the meaning of "initial aggressor" does not qualify as plain error. *Worsham*, 373 Or at 741; *State v. King*, 343 Or App 695, 701, ___ P3d ___ (2025) ("The Supreme Court recently held in [*Worsham*] that, in a criminal case in which self-defense and the initial-aggressor limitation are at issue, it is not plain error not to give a jury instruction on the meaning of 'initial aggressor' if none is requested."). For that reason, defendant's sixth assignment of error fails.

Affirmed.