776 November 13, 2025 No. 977

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM HERNANDEZ,
*Defendant-Appellant.*

Marion County Circuit Court
21CR55296; A181345

Audrey J. Broyles, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. Adam Hernandez filed the supplemental brief *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Reversed and remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree rape (Count 1), second-degree sodomy (Counts 2 and 3), second-degree unlawful sexual penetration (Count 4), unlawful delivery of methamphetamine to a minor (Count 5), and compelling prostitution (Count 6). On appeal, he raises four assignments of error. In his first, he contends that the trial court erred when it failed to *sua sponte* declare a mistrial after the prosecutor made comments that, in defendant's view, were improper. In his second and third assignments of error, defendant contends that the trial court plainly erred when it sentenced defendant to 75 months of prison and 50 months of post-prison supervision for compelling prostitution. In his fourth assignment of error, defendant argues that the trial court plainly erred when it imposed a determinate 45-month post-prison supervision term on Counts 1 through 4. In two *pro se* supplemental claims of error, defendant contends that the trial court plainly erred when it imposed consecutive sentences on Counts 1 through 3 and when the court improperly "vouched" for the victim.

In response to defendant's second assignment of error, the state concedes that the trial court plainly erred when it sentenced defendant to 75 months in prison for compelling prostitution and urges us to exercise our discretion to correct the error. The minimum sentence for compelling prostitution is 70 months, ORS 137.700(2)(b)(C), absent any upward departure factors not at issue here. Consistent with our caselaw, we conclude that the trial court's error is plain, and we will exercise our discretion to correct the error, particularly in the absence of any evidence that the trial court intended to impose an aggregate sentence that was five months longer than what the law permitted. *See State v. Nygaard*, 303 Or App 793, 802, 466 P3d 692, *rev den*, 367 Or 115 (2020) (court committed plain error in imposing a sentence that was longer than the mandatory minimum); *State v. Freauff*, 291 Or App 592, 593, 416 P3d 334 (2018) (exercising our discretion to correct a sentencing error because doing so served the ends of justice); *cf. State v. Quintero-Martinez*, 220 Or App 497, 503, 188 P3d 350, *rev den*, 345 Or

318 (2008) (declining to exercise discretion to correct a sentencing error where this court was "certain that" the trial court would "leave[] intact [the] defendant's total aggregate sentence"). We therefore reverse and remand for resentencing on defendant's conviction for compelling prostitution.

As to defendant's third assignment of error, the state also concedes that the required term of post-prison supervision for defendant's conviction for compelling prostitution is 36 months, not 50. We accept the state's concession and agree that on remand, the trial court should impose a term of 36 months of post-prison supervision on that conviction. OAR 213-005-0002(1), (2).

Our decisions on those two claims of error obviate the need to address defendant's fourth claim of error related to the trial court's imposition of determinate terms of post-prison supervision on Counts 1 through 4 because that issue can be addressed during resentencing.

As to defendant's first and *pro se* supplemental claims of error, we conclude that those assignments of error, all of which arise in a plain-error posture, are without merit. Beginning with defendant's argument that the trial court erred in failing to *sua sponte* declare a mistrial in light of the prosecutor's statements, defendant asserts that the prosecutor both (1) improperly discussed defendant's invocation of his right to trial and argued that defendant was obviously guilty and (2) improperly bolstered the state's case by referring to absent witnesses. Prosecutorial statements made during closing argument do not amount to plain error unless the statements were obviously improper. *State v. Perez*, 373 Or 591, 607, 568 P3d 940 (2025); *see also State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024) (A plain error is (1) an "error of law"; (2) "obvious, not reasonably in dispute"; and (3) "apparent on the record." (internal quotation marks omitted)). The statements made here do not meet that standard. The prosecutor permissibly argued that the evidence as to defendant's guilt was strong, not that the jury should find him guilty because he exercised his right to trial. *See State v. Babcock*, 327 Or App 358, 359, 362, 535 P3d 345 (2023), *rev den*, 374 Or 143 (2025) (the prosecutor's statements that "just because we're here doesn't necessarily

mean there is a big issue" and "[j]ust because we're here doesn't mean there's some diamond in the rough you've got to find" did not obviously encourage the jury to draw a negative inference from the defendant's exercise of the right to trial).

The same is true of the prosecutor's statements with respect to absent witnesses who also sexually abused the victim or who witnessed her abuse. The prosecutor argued that those people were not present because "it's not their trial." Although defendant argues that that statement amounted to an impermissible comment on the evidence, we disagree that it is "obvious" or "not reasonably in dispute" that that is so. As the state observes, the comment urged the jury to focus on defendant's guilt, not on the guilt of others who may have also committed crimes but who were not presently on trial for them. Nothing about that is improper, let alone obviously so.

Lastly, in two *pro se* assignments of error, defendant contends that the trial court erred by imposing consecutive sentences without making the findings required by ORS 137.123(4). His claim of error is unpreserved, and defendant does not request that we review his claim as plain error. *See State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) (we do not generally review for plain error in the absence of an explicit request to do so). To the extent that defendant places the blame for not objecting on his counsel, that is a claim of error that cannot be advanced on direct appeal. *See State v. Dell*, 156 Or App 184, 188, 967 P2d 507, *rev den*, 328 Or 194 (1998) ("[C]laims of inadequate assistance of counsel may not be raised on direct appeal.").

Defendant also raises an unpreserved claim of error that the trial court "vouched for the victim in identifying defendant as the individual accused of the crimes * * *." Again, defendant has not asked us to review this as plain error. And in the absence of any focused legal argument or identification of the statements that purportedly amounted to vouching, we cannot review his claim of error.

Reversed and remanded for resentencing; otherwise affirmed.