Submitted on record and briefs May 23, affirmed December 14, 2005

# STATE OF OREGON,
## *Respondent,*

*v.*

# CHRISTIAN PAUL FORRESTER,
## *Appellant.*

## 200307151; A121920

125 P3d 47

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for driving while under the influence of intoxicants, ORS 813.010; reckless driving, ORS 811.140; and assault in the third degree, ORS 163.165. He challenges the legal sufficiency of the evidence as to the assault conviction. Specifically, he argues that there is insufficient evidence that he acted with extreme indifference to the value of human life. He also assigns error to the trial court's decision to admit a forensic lab report without giving him an opportunity to cross-examine the person who prepared the report. We affirm.

■    We begin with the legal sufficiency of the evidence as to the assault conviction. We view the evidence in the light most favorable to the state to determine whether a rational finder of fact could have found all the elements of the offense beyond a reasonable doubt. *State v. Krummacher*, 269 Or 125, 137, 523 P2d 1009 (1974).

Defendant drove his car while intoxicated through the streets of Eugene, ultimately causing a serious accident. Leading up to that accident, defendant drove erratically at speeds up to 55 miles per hour while in a 35-miles-per-hour zone. He repeatedly slammed on his brakes as he reached controlled intersections and then rapidly accelerated away. At one point he abruptly stopped the car in the middle of an intersection that did not have a stop light or stop sign.

After driving in that manner for some time, defendant sped through a red light and, without slowing down, crashed into a car that had driven into the intersection. Both vehicles were severely damaged; one of the officers who investigated the scene expressed surprise that no one had been killed. Found on the front seat of defendant's car in a paper bag was a container of ale, recently opened (it still had foam in it). Defendant made no comment to the officers and did not inquire about the condition of the victim. His blood alcohol level was later determined to be 0.13 percent.

Defendant was charged with, among other things, third-degree assault. To prove that offense, the state must show that defendant "[r]ecklessly caus[ed] physical injury to

another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life." ORS 163.165(1)(c). In this case, defendant conceded that he acted recklessly and that he employed a deadly or dangerous weapon. The principal issue at trial was whether the evidence demonstrated the existence of circumstances manifesting the required extreme indifference to the value of human life.

The case was tried to the court. At the close of the evidence, defendant argued to the court that the state had failed to prove extreme indifference:

"[Defendant]: Because the totality of the circumstances, your Honor, it does not rise to above and beyond a gross deviation. He is intoxicated and he is speeding.

"THE COURT: I understand your argument * * *. But do you agree that the court looks to the totality of the circumstances and indicia of what the reckless mental state is?

"[Defendant]: No. I don't think the Court looks at the circumstances, I think the Court looks at Defendant's conduct with regard to those. The circumstances don't manifest extreme indifference * * *.

"* * * * *

"THE COURT: All right. So what does the court look to? How does the court, under your view of the Case Law, test the issue of the additional finding of reckless indifference * * * or of the manifest indifference. How do you find that? What do I look at?

"* * * * *

"[Defendant]: I think that, given the definitions of what reckless driving is and the cases I cited showing recklessness, all those cases I've cited showing extreme indifference. The Courts have equated that extreme indifference with, you know, malice, wanton disregard * * * this is not a man who jumped in the car and says, you know, I'm intoxicated, I don't care who I hit, I'm going to drive down the road anyway.

"* * * * *

"THE COURT: All right.

"[Defendant]: I would just ask you, Judge, to consider the language that is in my memo, you know, I put a little Webster with these definitions, but that is also when you read the Case Law, you will see that the court has also relied on those definitions to say you've got to have more. This is not enough."

The state argued that, under the circumstances, it had demonstrated beyond a reasonable doubt that defendant acted with the required extreme indifference. The trial court agreed and found defendant guilty of third-degree assault.

On appeal, defendant argues that the trial court erred in making that finding. According to defendant, the facts—which are essentially undisputed—simply are legally insufficient to establish the element of extreme indifference.

The state offers two arguments in response. First, the state argues that defendant failed to preserve his legal sufficiency argument. According to the state, he was required to make a motion for judgment of acquittal or, at the least, put his argument before the trial court in a way that made clear that he is arguing about the legal sufficiency of the state's evidence. Second, and in the alternative, the state argues that its evidence of extreme indifference is legally sufficient. For the reasons that follow, we disagree with the state as to its first response, but we agree with the state as to its second.

To preserve a claim of error concerning the legal sufficiency of the state's evidence, a defendant must—even in a case tried to the court—challenge the legal sufficiency of the evidence at trial. Although certainly the best way to accomplish that is to move for a judgment of acquittal, such a motion is not necessary as long as a defendant clearly raises the issue in closing argument. *State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003); *State v. Andrews*, 174 Or App 354, 358, 27 P3d 137 (2001). In this case, although defendant did not move for a judgment of acquittal, it seems clear enough to us that his colloquy with the court during closing argument addressed the issue; he argued that, under the applicable case law, "[t]his is not enough," that is, the state's evidence is not enough to satisfy the proof the law requires. We therefore turn to the merits.

As we have noted, our task in reviewing the sufficiency of the state's evidence is to determine whether a trier of fact could find the required element has been proved beyond a reasonable doubt. *Krummacher*, 269 Or at 137-38. In this case, the element at issue is the existence of "circumstances manifesting extreme indifference to the value of human life." ORS 163.165(1)(c). As we noted in *State v. Cook*, 163 Or App 578, 583, 989 P2d 474 (1999), the statute does not define the term, but case law has made clear that it refers to "a state of mind where an individual cares little about the risk of death of a human being."

■    The state's evidence meets that standard. A finder of fact reasonably could find that defendant drank while he was behind the wheel of a car, erratically sped through a red light without slowing down, and caused an extremely serious accident without any sign of concern or remorse for the consequences of his conduct. That is legally sufficient to establish extreme indifference to the value of human life. We conclude that the trial court did not err in finding that the state proved that defendant had committed third-degree assault.

■    Defendant's remaining assignment of error concerns the admissibility of a forensic lab report of his blood alcohol content. The facts relevant to that assignment are not in dispute. The state offered a laboratory report showing that defendant's blood alcohol content was 0.13 percent at the hospital after the accident. The person who had prepared the report was not available at trial to be cross-examined about its preparation. Defendant did not object to the admission of the report, and it was received into evidence. On appeal, defendant argues that admission of the report violated his constitutional right to confront witnesses. Defendant acknowledges that he did not preserve the assignment of error, but he argues that we nevertheless should address it as plain error in light of the United States Supreme Court's decision in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). For the reasons that we identified in *State v. Thackaberry*, 194 Or App 511, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005), we conclude that the admission was not plain error.

Affirmed.