PER CURIAM
*577 This is an appeal of a judgment granting a stalking protective order (SPO) in a dispute between neighbors. In his sole assignment of error, respondent challenges the entry of the SPO on the basis that there was insufficient evidence as a matter of law to prove each element required to obtain an SPO.
Respondent argues that he preserved the alleged error in his closing argument. Petitioner, appearing pro se , does not contest preservation. We have an independent obligation, however, to determine whether an issue was preserved in the trial court. Harrison v. Hall , 211 Or. App. 697, 701, 156 P.3d 141, rev. den. , *827 343 Or. 159, 164 P.3d 1160 (2007). "Generally, an issue not preserved in the trial court will not be considered on appeal." State v. Wyatt , 331 Or. 335, 341, 15 P.3d 22 (2000) ; see ORAP 5.45(1) (except for discretionary plain error review, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court").
"To preserve a claim of error concerning the legal sufficiency of the state's evidence, a defendant must-even in a case tried to the court-challenge the legal sufficiency of the evidence at trial." State v. Forrester , 203 Or. App. 151, 155, 125 P.3d 47 (2005), rev. den. , 341 Or. 141, 139 P.3d 259 (2006). "In a bench trial, a defendant can preserve a challenge to the sufficiency of the evidence if the 'defendant clearly raises the issue in closing argument.' " State v. Taylor , 271 Or. App. 292, 296, 350 P.3d 525 (2015) (quoting Forrester , 203 Or. App. at 155, 125 P.3d 47 ).
Upon review of the record, we conclude that respondent's closing argument did not "clearly raise[ ] the issue" of the legal sufficiency of the evidence. Id. "There is an important distinction between (1) an argument that seeks to convince a trial court, sitting as fact finder, not to be persuaded by the evidence favoring the other party, and (2) an argument that seeks to convince the trial court that the evidence is legally insufficient to support a verdict for that other party." State v. R. W. G. , 288 Or. App. 238, 240, 404 P.3d 1131 (2017) (emphasis in original). "[T]o preserve an *578 'insufficiency of the evidence' claim for appeal, a party must present the trial court with the latter type of argument." Id.
In arguing that he preserved the issue of the legal sufficiency of the evidence, respondent points to a few individual statements from his closing argument that could be construed as sufficiency arguments. However, the bulk and the thrust of his closing argument was clearly directed at persuading the trial court as fact finder. To the extent that respondent intended to challenge the legal sufficiency of the evidence,[1] his closing argument did not give petitioner or the trial court "enough information to be able to understand [that] contention and to fairly respond to it." State v. Walker , 350 Or. 540, 552, 258 P.3d 1228 (2011). Accordingly, respondent failed to preserve his only claim of error on appeal. For that reason, we do not reach the merits.
Affirmed.

Notably, respondent's counsel, who represented both respondent and a co-respondent, expressly moved at the close of petitioner's evidence to dismiss the petition against the co-respondent for legal insufficiency (which motion was granted) but made no such motion as to respondent.