Submitted April 26, affirmed June 15, 2022

In the Matter of M. D. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. D. M.,
*Appellant.*

Linn County Circuit Court
21CC04003; A176560

513 P3d 622

Brendan J. Kane, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of involuntary civil commitment. The trial court determined that, because of a mental disorder, appellant was unable to provide for her basic needs as defined in ORS 426.005(1)(f)(B) and otherwise met the requirements for civil commitment of a mentally ill person under ORS 426.130. Appellant does not dispute that she has a mental disorder, but she contends on appeal that the evidence was legally insufficient to prove that her mental disorder put her at nonspeculative risk of serious physical harm in the near future. *See State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (stating standard for a "basic needs" commitment). In response, the state argues that appellant did not preserve her claim of error and that, in any event, the evidence was legally sufficient.

The preservation issue proves dispositive.

Appellant argues that her claim of error is adequately preserved because the entire point of the commitment hearing was to determine whether she had a mental disorder that caused her to be unable to provide for her basic needs—in particular, that caused her to avoid eating and drinking—and, in that context, appellant testified, "I've been eating and taking the meds." In essence, appellant argues that, by implicitly contesting the need for commitment during her testimony, she preserved a challenge to the legal sufficiency of the evidence. Appellant relies on *State v. A. S.*, 211 Or App 100, 101, 153 P3d 151 (2007), in which we disagreed with the state's contention that the appellant had not challenged the legal sufficiency of the evidence and had effectively "stipulated" to his commitment, where he repeatedly stated at the commitment hearing "that he did not want to go to the hospital" and also testified that hospitalization would not do him any good and that there was no reason to hospitalize him.

The state argues that *A. S.* is distinguishable because it involved mandatory *de novo* review, which lends itself to a more generous view of preservation as to legal insufficiency arguments. That standard of review no longer applies

here,[1] and, under the current standard, we have expressly stated that the "well-settled principle" that an issue generally must be raised in the trial court to be considered on appeal "applies equally to civil commitment cases." *State v. K. J. B.*, 282 Or App 862, 867-68, 387 P3d 467 (2016), *aff'd*, 362 Or 777, 416 P3d 291 (2018); *see also State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal.").

We agree with the state that, under *K. J. B.* and normal appellate principles, appellant did not preserve her claim that the trial court erred as a matter of law by civilly committing her on this record. Under normal preservation principles, there is a critical difference—at least for the party who does not bear the burden of proof (here appellant)—between arguing to the trial court as factfinder that it should be *persuaded* to decide the case in a particular way and arguing to the trial court as legal decisionmaker that only one outcome is permitted *as a matter of law*. "A party that contends that it is entitled to prevail on a claim or issue as a matter of law must ask the trial court to withdraw the claim or issue from the fact finder, whether the case is tried to a jury or to the court." *Bend Tarp & Liner, Inc. v. Bundy*, 154 Or App 372, 376, 961 P2d 857, *rev den*, 327 Or 484 (1998); *but see Peiffer v. Hoyt*, 339 Or 649, 659, 125 P3d 734 (2005) (limiting the foregoing principle—"[W]e decline to require a party that bears the burden of persuasion at a court trial to raise, for preservation purposes, the claim that it should prevail on the evidence as a matter of law.") In a matter tried to the court, that request may be made by motion or in closing argument. *See State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 41 (2006); *T. L. A. v. Vierra*, 295 Or App 576, 577, 435 P3d 826, *rev den*, 364 Or 723 (2019). It is the express or implied ruling on that request that we then review on appeal. *See* ORAP 5.45(3).

Here, appellant's testimony that she had "been eating and taking the meds" may have created a factual dispute regarding the need for commitment, but that testimony

---

[1] *De novo* review is still available in equitable proceedings but is now generally discretionary, ORS 19.415(3)(b), and we exercise that discretion only in "exceptional cases," ORAP 5.40(8)(c).

did not constitute a legal challenge to the sufficiency of the evidence. The claim of error raised on appeal is therefore unpreserved, and we reject it on that ground.[2]

       Affirmed.

---

[2] Where an issue was not preserved in the trial court, we have discretion to consider a claim of "plain" error. ORAP 5.45(1); *see State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating the requirements for an error to be "plain"). "However, we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so," as "it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (internal quotation marks omitted). Plain-error review has not been requested here.