No. 301 May 8, 2024 495

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIM A. ATWOOD,
*Defendant-Appellant.*

Multnomah County Circuit Court
22VI59877; A180213

Kenneth A. Stafford, Judge.

Argued and submitted April 3, 2024.

Nicholas A. Kampars argued the cause and filed the brief for appellant.

Ryleigh Gray, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this traffic violation case, defendant appeals a judgment finding him to have violated ORS 811.507, which, as relevant here, prohibits holding or using a cellphone while driving. Defendant frames the question presented as whether "a driver who removes a mobile electronic device from a hands-free accessory in response to an emergency notification on the device and places the device on his lap, all without using the mobile electronic device, commit[s] a violation of ORS 811.507." Relying on that framing, defendant argues that he did not "use" his cellphone within the meaning of ORS 811.507, or that the affirmative defense in ORS 811.507(4)(b), which allows the use of a cellphone with a hands-free accessory, applies, and that the court therefore erred in finding a violation. For the following reasons, we affirm.

Under ORS 811.507(2),

"A person commits the offense of driving a motor vehicle while using a mobile electronic device if the person, while driving a motor vehicle on a highway or premises open to the public:

"(a)   Holds a mobile electronic device in the person's hand; or

"(b)   Uses a mobile electronic device for any purpose."

"'Using a mobile electronic device' includes but is not limited to using a mobile electronic device for text messaging, voice communication, entertainment, navigation, accessing the Internet or producing electronic mail." ORS 811.507(1)(e).

An affirmative defense applies when the defendant "[w]as 18 years of age or older and was using a hands-free accessory." ORS 811.507(4)(b).

Defendant received a citation for violating ORS 811.507, which he contested. At trial, the police officer testified that, as defendant drove past him, he saw defendant holding a cellphone between his chest and the steering wheel. The officer could not see exactly what defendant was doing, but the screen was on, and defendant was looking at the screen and manipulating it with his thumb. When

he pulled alongside defendant, the cellphone was lying on defendant's lap, and a "text screen was opened."

Defendant countered the officer's testimony. He testified that, while he was driving, an emergency alert notified him that his cellphone—which was sitting in a fixed mount on the windshield—was overheating. According to defendant, he responded to that notification by moving the phone to a cooler location on his lap, without "using" it in any way. Defendant submitted cellphone records showing that he did not send or receive any text messages or phone calls in the time immediately preceding the stop.

The trial court found defendant to have violated ORS 811.507. The court explained that it was persuaded by "Officer Byrd's pretty clear testimony about being about 20 feet away, having a chance to observe [defendant] with his head down, manipulating the screen." The court stated that, while it had no reason to doubt the accuracy of defendant's phone records, and thus "no reason to believe [defendant] was actually making or receiving a phone call or text message," cellphones have many other capabilities. The court ultimately credited the officer's testimony over defendant's version of events, including agreeing with the state that it was reasonable to infer from what the officer saw that defendant was actually using the phone, not just moving it from the hot dashboard to somewhere else. The court also noted that the phone was on defendant's lap, which "sort of suggests that the phone was being put in a place where it could continue to be used without the hands-free device."

On appeal, in a single assignment of error, defendant argues that the evidence was legally insufficient to allow the finding of a violation of ORS 811.507 and that we should therefore reverse the violation. We disagree, for several reasons.

First, procedurally, defendant did not preserve his claim of error, because he never argued to the trial court that the evidence was *legally insufficient* to find a violation of ORS 811.507.[1] "To preserve a claim of error concerning the legal

---

[1] The state does not take a firm position on preservation in its briefing. However, "we have an independent obligation to assess preservation, regardless of what position the parties take." *State v. Taylor*, 323 Or App 422, 427 n 3, 523 P3d 696 (2022).

sufficiency of the state's evidence, a defendant must—even in a case tried to the court—challenge the legal sufficiency of the evidence at trial." *State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006). Moving for a judgment of acquittal or the like is the best practice, but "a motion is not necessary as long as a defendant clearly raises the issue in closing argument." *Id*. The danger in not making an express motion is that it "almost invariably" results in close questions as to preservation, due to the conflation of "persuasion" arguments and "legal insufficiency" arguments. *State v. McCants/Walker*, 231 Or App 570, 576-77, 220 P3d 436 (2009), *rev'd on other grounds sub nom State v. Baker-Krofft*, 348 Or 655, 239 P3d 226 (2010).

Here, defendant did not "clearly" challenge the legal sufficiency of the evidence in closing. *Forrester*, 203 Or App at 155. "There is an important distinction between (1) an argument that seeks to convince a trial court, sitting as fact finder, not to be *persuaded* by the evidence favoring the other party, and (2) an argument that seeks to convince the trial court that the evidence is *legally* insufficient to support a verdict for that other party." *State v. R. W. G.*, 288 Or App 238, 240, 404 P3d 1131 (2017) (emphases in original). Defendant's arguments fell in the former category, whereas "to preserve an 'insufficiency of the evidence' claim for appeal, a party must present the trial court with the latter type of argument." *Id*. The claim of error is therefore unpreserved.[2]

Second, even if we were to agree with defendant that he adequately preserved his claim of error, we reject his argument on the merits. Under the applicable standard of review, we must view the evidence and reasonable inferences therefrom in the light most favorable to the state

---

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We do have discretion to correct a "plain" error. ORAP 5.45(1); *see State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences). However, we normally will not exercise that discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015). Defendant has not requested plain-error review in this case.

and determine whether a rational factfinder could find the essential elements of the violation. *State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009). Here, the officer's testimony was sufficient to allow a rational factfinder to find that defendant "used" his cellphone within the meaning of the statute. Although a rational factfinder also could have made different findings—accepting defendant's version of events in which he simply moved the cellphone out of the sunlight without using it in any way—that only demonstrates that an issue existed for the factfinder, not that defendant was entitled to acquittal as a matter of law.

Third, as the state correctly points out, regardless of whether defendant used his cellphone while driving within the meaning of ORS 811.507(2)(b), he most certainly held it in his hand while driving, which ORS 811.507(2)(a) prohibits.[3]

Finally, defendant argues that, if the evidence was sufficient to prove that he used or held his cellphone while driving—as we have concluded that it was—he was still entitled to acquittal as a matter of law because he proved the affirmative defense in ORS 811.507(4)(b). We disagree. It is undisputed that defendant's windshield mount qualified as a "hands-free accessory" as defined in ORS 811.507(1)(b). It is also undisputed that, when the officer initially saw defendant, his cellphone was in his hand, not in the windshield mount. Defendant may have been using the windshield mount earlier, but he was not using it at the relevant point in time. We reject defendant's construction of the statute as allowing any other conclusion.

Affirmed.

---

[3] The citation did not specify which subsection defendant was alleged to have violated, so legally sufficient evidence to prove a violation of either subsection would allow the issue to go to the factfinder.