782 May 30, 2024 No. 357

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY DALE CAMBRON,
aka Larry David Cambron,
*Defendant-Appellant.*

Malheur County Circuit Court
22CR21423; A180600

Erin K. Landis, Judge.

Submitted April 30, 2024.

Michael R. Mahony filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction, entered after a bench trial, for one count of fourth-degree assault, ORS 163.160, for defendant having unlawfully and recklessly caused "physical injury" to the victim, and one count of harassment, ORS 166.065, for defendant having unlawfully and intentionally harassed and annoyed the victim by subjecting the victim to "offensive physical contact."

In his sole assignment of error, defendant challenges the trial court's denial of his motion for a judgment of acquittal on both offenses. Defendant argues that the evidence regarding his actions was legally insufficient to support convictions for fourth-degree assault and harassment. Viewing the evidence in the light most favorable to the state, we affirm, because the "state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks and citations omitted).

In arguing that his convictions should be reversed because the evidence was legally insufficient, defendant asserts that three specific determinations by the trial court are not supported by the record. In particular, defendant contends that, contrary to the trial court's findings, he did not lift the victim out of her chair, the victim was not drinking alcohol on the night in question, and he was not, as the trial court found, wearing the same torn shirt two days after the events upon which the charges against him are based. Regarding the first point, the state responds that "whether the victim was standing or sitting when defendant grabbed her and lifted her up by the arms is immaterial." Regarding the second point—whether the victim was drinking alcohol on the night in question—the state responds that defendant has not identified how such a finding is "relevant to whether the evidence was sufficient for the court to find that defendant assaulted and harassed the victim." Regarding the third point—concerning the torn shirt—the states asserts that the record supports the trial court's finding, but that, regardless, any finding by the trial court regarding the shirt

was "immaterial to the court's finding of guilt." The state then points to evidence in the record and contends that the evidence was sufficient to support defendant's convictions.[1]

In the end, this case largely turns on whose version of events was most credible to the trier of fact: the version described by the defendant, or the version described by the victim. We have reviewed the record in this case, including the testimony of multiple witnesses, the officer's body camera videos, and the various pieces of photographic evidence, and we agree with the state that the evidence was legally sufficient to permit the trier of fact to have found that defendant assaulted and harassed the victim.

Affirmed.

---

[1] The state also argues that defendant failed to preserve his claim of error.

During a bench trial, a defendant need not move for a judgment of acquittal to preserve "a claim of error concerning the sufficiency of the state's evidence" as long as the defendant "clearly raises the issue in closing argument." *State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006). Of course, the "best way" to preserve such a challenge "is to move for a judgment of acquittal," *id.*, because "almost invariably when defendants, rather than separately moving for a judgment of acquittal, conflate MJOA-like contentions into closing argument" in a bench trial the "question of preservation is close." *State v. McCants*, 231 Or App 570, 576-77, 220 P3d 436 (2009), *rev'd sub nom State v. Baker-Krofft*, 348 Or 655, 239 P3d 226 (2010).

Here, we need not resolve the preservation question, because we assume without deciding that defendant preserved the arguments he presents on appeal.