No. 1123 December 24, 2025 97

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE DIAZ MADRIGAL,
*Defendant-Appellant.*

Umatilla County Circuit Court
22CR34083; A182423

Jon S. Lieuallen, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for hindering prosecution, interfering with a peace officer, and resisting arrest. In his sole assignment of error, he challenges the entry of the conviction for hindering prosecution. Defendant did not move for a judgment of acquittal on that charge. However, he argues on appeal that it was plain error to find him guilty of that crime, because the evidence was legally insufficient, and that we should exercise our discretion to correct the plain error. We conclude that the trial court did not plainly err and therefore affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). It is a matter of our discretion whether to correct a plain error that was not harmless. *State v. Ortiz*, 372 Or 658, 671-72, 554 P3d 796 (2024).

To prove the crime of hindering prosecution, the state needed to prove that defendant, "with intent to hinder the apprehension, prosecution, conviction or punishment of a person who ha[d] committed a crime punishable as a felony, *** [p]revent[ed] or obstruct[ed], by means of *** deception, anyone from performing an act which might aid in the discovery or apprehension of such person." ORS 162.325(1)(d). Whether the trial evidence was legally sufficient to prove the crime is a question of law. *State v. Reynolds*, 250 Or App 516, 520, 280 P3d 1046, *rev den*, 352 Or 666 (2012). Specifically, the question is whether, viewing the evidence in the light most favorable to the state, and allowing reasonable inferences from that evidence, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Atwood*, 332 Or App 495, 498-99, 549 P3d 51 (2024). Because our review is limited to plain error, for defendant to prevail, it must be *obvious and not reasonably*

*in dispute* that no rational factfinder could find the essential elements on the existing record.

In this case, any error is not plain, because it is not obvious and is reasonably in dispute that the evidence was legally insufficient to prove the elements of hindering prosecution. There was evidence that defendant engaged in deceptive conduct that at least interfered with a police officer immediately securing a suspect's abandoned vehicle to protect any evidence contained therein, including evidence that could lead to the discovery or apprehension of the suspect. *See State v. Hansen*, 253 Or App 407, 413-14, 290 P3d 847 (2012) (concluding that ORS 162.325's text requires proof that the defendant's actions stopped or interfered with officers performing some act that might aid in apprehending a suspected felon, regardless of whether the act would lead directly to the suspect's apprehension). Any error is not plain, so we reject defendant's assignment of error.

Affirmed.