124             December 24, 2025             No. 1132

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
N. S. W.,
*Respondent,*
*v.*
B. R. W.,
aka G. D. V.,
*Appellant.*

Lane County Circuit Court
24JU04085; A188262

Amit K. Kapoor, Judge.

Submitted November 20, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice, filed the brief for respondent N. S. W.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals an order in a juvenile dependency case. N was removed from mother's care shortly after his birth in June 2024. In September 2024, mother admitted to four bases for dependency jurisdiction, including one relating to mother's "substance use disorder." The specific substance that led mother to make that admission was marijuana. The court asserted dependency jurisdiction over N at that time, and it contemporaneously ordered mother to participate in and successfully complete treatment for her substance use disorder, follow recommendations for aftercare and relapse prevention, sign releases of information, and "demonstrate a sober lifestyle in active recovery." In April 2025, mother asked the juvenile court to change its order so that she could use medical marijuana. The court held a hearing on the motion, at which mother explained that she had obtained a medical marijuana card and wanted to use marijuana to treat post-traumatic stress disorder. The court noted that the substance mother wanted to use, marijuana, was the same one that gave rise to dependency jurisdiction. Ultimately, the court was unpersuaded to change its order at that time.

Mother appeals that ruling. She argues that the juvenile court erred in denying her motion, because "the court lacked the authority to make the order in the first instance." In mother's view, the court lacked legal authority to "order mother to adopt a 'sober lifestyle' and refrain from all substances, including those authorized by her medical care providers," and so "had no choice but to grant mother's motion for relief from that dispositional order." The state responds that mother did not preserve her claim of error, that she has not requested plain-error review, and that the juvenile court acted within its legal authority in any event. N advances the same arguments as the state.

We agree with the state and N that the issue is not preserved for appeal, and we reject the claim of error on that basis.[1] Neither in her filing nor at the hearing did

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). As a discretionary matter, we may correct a "plain" error despite the lack of preservation. ORAP 5.45(1);

mother ever argue that the juvenile court lacked authority to enter the September 2024 order. The filing stated that mother was requesting a change to the order "as she has experienced very harmful side effects treating her anxiety with pharmaceuticals." Similarly, at the hearing, mother's counsel told the court that mother was seeking a change to the order because she had obtained a medical marijuana card and "would prefer to use [marijuana] to treat her post-traumatic stress disorder." Mother's claim of error on appeal presents a different legal issue that was never raised below—the court's authority to enter the order in the first place—which neither the state nor N had an opportunity to address below, and which the juvenile court did not have an opportunity to consider. *See State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015) ("[T]he primary purposes of the preservation rule are to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record."). We therefore reject the claim of error as unpreserved.

In doing so, we observe that mother's appeal is premised on her being free to challenge the juvenile court's legal authority to enter the order at any time, regardless of whether she objected when it was entered. If that is correct (something on which we express no opinion), then she is equally free to make the same motion again and this time raise in the juvenile court the issue that she sought to raise for the first time on appeal.

Affirmed.

---

*see State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for an error to be deemed "plain"). However, mother has not requested plain-error review, and "we normally will not exercise that discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments." *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024).