370 December 31, 2025 No. 1167

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Woodrow Michael WARREN
and Pamela Kay Warren,
*Petitioners-Appellants,*

*v.*

Amber Rose WARREN
and Santiago A. Lopez,
*Respondents-Respondents.*

Lake County Circuit Court
20DR08561; A185011

David M. Vandenberg, Judge.

Argued and submitted November 19, 2025.

Kimberly Quach argued the cause for appellants. Also on the brief was Quach Family Law, P.C.

No appearance by respondents Amber Rose Warren and Santiago A. Lopez.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

## O'CONNOR, J.

Grandparents appeal from an order dismissing a show cause order. The trial court had issued the show cause order on grandparents' motion, directing mother to show cause why the trial court should not modify a previous order setting forth their visitation rights with mother's child.[1] In their only assignment of error, grandparents assert that the trial court erred when it granted mother's motion to dismiss, which effectively denied grandparents' request to modify visitation. They argue that the trial court incorrectly based its decision on its determination that grandparents did not prove that mother was unfit and did not rebut the presumption that mother acted in child's best interest under ORS 109.119(2).[2] Specifically, grandparents argue that the trial court had previously determined that grandparents rebutted the relevant presumption under ORS 109.119(2)(a) and that the trial court is not required to make those findings when modifying an order of visitation under ORS 109.119(2)(c). We conclude that grandparents did not preserve the arguments that they make on appeal, and, therefore, we affirm.

We have an independent obligation to assess preservation. *State v. Atwood*, 332 Or App 495, 497 n 1, 549 P3d 51 (2024). To preserve an argument for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

At the hearing on the motion to dismiss, grandparents did not alert mother or the trial court of their view that

---

[1] No responsive briefs were filed in this matter.

[2] ORS 109.119(2) provides:

"(a)  In any proceeding under this section, there is a presumption that the legal parent acts in the best interest of the child.

"(b)  In an order granting relief under this section, the court shall include findings of fact supporting the rebuttal of the presumption described in paragraph (a) of this subsection.

"(c)  The presumption described in paragraph (a) of this subsection does not apply in a proceeding to modify an order granting relief under this section."

the trial court was improperly requiring grandparents to prove that mother was unfit and to rebut the presumption that mother was acting in child's best interest, or that it had incorrectly applied ORS 109.119. Grandparents repeatedly referred to a prior judgment that had awarded them custody of the child in relation to father. That judgment did not affect mother's custody rights, as grandparents acknowledged to the trial court. Grandparents also relied on another prior judgment awarding them temporary visitation. Those prior judgments are not subject to challenge in this appeal.

When the trial court noted that it had previously found that grandparents had not rebutted the presumption under ORS 109.119(2), however, grandparents did not argue to the trial court that they were not required to rebut the presumption at the current proceeding because it involved a motion to modify a prior visitation order rather than an initial grant of visitation. Accordingly, mother did not have an opportunity to respond to that argument in the trial court and the trial court did not have an opportunity to correct the error that grandparents assert on appeal. We conclude that grandparents failed to preserve their arguments.

Grandparents request, in the alternative, that we conduct plain error review and reverse on that basis. "Generally, an issue not preserved in the trial court will not be considered on appeal." *Id*. at 341. However, we have discretion to correct a "plain" error. ORAP 5.45(1). "An error is 'plain' when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences." *State v. Durant*, 327 Or App 363, 364, 535 P3d 808 (2023), *rev den*, 347 Or 143 (2025). "It is a matter of discretion whether we will correct a plain error." *Id*.

We conclude that the trial court did not plainly err, and that even if it had, we would not exercise our discretion to correct the error. Although the trial court had previously granted grandparents temporary visitation, at the hearing on mother's motion to dismiss, the trial court stated that "in both of the Court's prior rulings, the Court found that the [grandparents] had not rebutted the presumption * * * for the Court to find that [mother] was not a fit and proper

parent." The trial court is correct. In two prior rulings, the trial court determined that grandparents had not rebutted the presumption that mother acted in the best interest of the child and that mother was a fit and proper parent. In the prior proceedings, the trial court ordered grandparents temporary visitation rights to facilitate visitation while mother was on probation and the conditions of her probation prohibited her from contact with grandmother. The trial court explained in its ruling in the proceeding at issue on appeal that its temporary visitation order was no longer necessary because mother had completed probation. It thus ruled that it would not order visitation for grandparents because it concluded that they had not rebutted the presumption in ORS 109.119(2).

Grandparents correctly observe that a modification to visitation under ORS 109.119 does not require grandparents to rebut the presumption that mother acts in child's best interest, but an initial decision granting visitation does. ORS 109.119(2)(c). On this record, it was not obvious error for the trial court to conclude that it would not order visitation when it had found that grandparents had not rebutted the presumption that mother acted in child's best interest.

Even if the trial court had plainly erred, we would not exercise our discretion to correct the error. The trial court had previously granted grandparents temporary visitation because mother was subject to an order not to contact grandmother as a condition of probation in a criminal case. The record reflects that mother and grandparents asked for the trial court's assistance because the no contact order made it difficult for the parties to communicate and coordinate visitation. From our review of the record, it does not appear that grandparents argued to the trial court in those prior proceedings that it was required to find they had rebutted the presumption in ORS 109.119(2). The parties, including grandparents, appeared to be satisfied with the court's temporary visitation orders as a work around of the no contact order. Under those circumstances, we would not exercise our discretion to correct the error even if it were a plain error.

Affirmed.