No. 1162 December 31, 2025 347

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM SHAWN SANDUSKY,
*Defendant-Appellant.*

Coos County Circuit Court
24CR01666; A184497

Martin E. Stone, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for one count of menacing against defendant's father, entered after a bench trial. On appeal, defendant contends that the trial court erred in denying his motion for judgment of acquittal. We conclude that the trial court did not err and affirm.

At the outset, the state argues that defendant failed to preserve his claim on appeal. We disagree; while defendant did not move for a judgment of acquittal at trial, he adequately preserved his claim by raising the issue during his closing argument to the court. *See State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006) ("Although certainly the best way to accomplish [preservation] is to move for a judgment of acquittal, such a motion is not necessary as long as a defendant clearly raises the issue in closing argument."). Since the state had the opportunity to respond to the raised issue, and the trial court ruled on it, the interests of preservation were met.

We review the merits of defendant's claim "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Hejazi*, 323 Or App 752, 754-55, 524 P3d 534 (2023). "[I]nference[s] need not inevitably follow from the established facts; rather, if the established facts support multiple reasonable inferences, the [factfinder] may decide which inference to draw." *State v. Miller*, 196 Or App 354, 358, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005).

Here, defendant was convicted of the crime of menacing, which requires the state to prove that defendant (1) "by word or conduct," (2) "intentionally attempt[ed]" (3) "to place another person in fear of imminent serious physical injury." ORS 163.190(1). Whether the threatened harm is imminent and serious is assessed by "whether a 'reasonable person' would have been placed in the requisite state of fear." *State v. C.S.*, 275 Or App 126, 130, 365 P3d 535 (2015). "An imminent threat is one that is near at hand, impending,

or menacingly near," *Hejazi*, 323 Or App at 757 (internal quotation marks omitted), while a serious physical injury is defined as a "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ," ORS 161.015(8). The court considers both conduct and verbal statements making up the "totality of the circumstances" in determining whether a defendant intended to place another person in fear of imminent serious physical injury. *State v. Anderson*, 329 Or App 754, 768, 542 P3d 449 (2023), *rev'd in part on other grounds*, 374 Or 326, 577 P3d 746 (2025).

Defendant contends that the state did not provide sufficient evidence to support a finding that the threatened harm at issue was "imminent" because the threat to his father was "general and had no temporal component." However, the state argues, and we agree, that while a court may consider the presence or absence of a temporal indicator when evaluating imminence, the state is not required to show the existence of a temporal indicator in the threat to prove the imminence element of menacing. *See Hejazi*, 323 Or App at 758 (finding that the record was insufficient to prove imminency in part because the defendant's statement "lacked specificity or any temporal indication," but also because "defendant's physical actions did not create a situation supporting an inference that the serious harm was imminent" since he immediately walked away after making the threat); *see also State v. Severson*, 325 Or App 550, 559, 529 P3d 302, *rev den*, 371 Or 332 (2023) (considering multiple factors in determining imminence, including the location of the threat, the defendant's proximity to the victim when making the threat, the events leading up to the threat, the defendant's relationship with the victim, and whether the threat included a temporal component).

Viewing the evidence in the light most favorable to the state, we conclude that the evidence was sufficient for a rational factfinder to reasonably infer from the totality of the circumstances that defendant's threat was "imminent." At trial, defendant's father, R, testified that defendant had a history of physically violent behavior towards R. On the

day of the incident, defendant entered his parents' home, threw a toaster on the floor, and removed items from the refrigerator and freezer to throw them around. Defendant then approached his mother, who was on the couch in the living room and "cowering" as defendant leaned over her with his fist in the air. At the same time, R went to a bedroom to obtain his pistol and cell phone to call 9-1-1. When R returned to the living room with his holstered pistol in hand and pointed down, defendant ran to R and "got right in [his] face, spitting in [his] face while *** yelling" at him. Defendant had his hand raised above his head to hit R and "scream[ed]," "I'm going to kill you." Although it is unclear from the record exactly when defendant left the house after threatening R, he left sometime after making the threat and before the police arrived that same evening at around 5:12 p.m.

Unlike the *Hejazi* defendant, who threatened a stranger on a public street, defendant threatened his parents while in their home. Furthermore, defendant's violent behavior in the kitchen was quickly followed by defendant moving into close physical proximity of R while raising his hand above his head and saying he was "going to kill [R]." That evidence of defendant's physical behavior, coupled with his statement, is legally sufficient for a factfinder to reasonably conclude that the threat of harm was both "near at hand," since defendant was exhibiting violent physical behavior immediately leading up to the threat, and "serious," since defendant threatened R's death.

Defendant argues that it is unreasonable to conclude that defendant was threatening imminent serious physical injury because R had a holstered pistol in his hand when defendant threatened him, and a reasonable person in that situation who was visibly armed would not be in fear of such injury. We disagree; given that R testified that he had not unholstered the pistol and had the holstered pistol pointed away from defendant when defendant threatened him, a reasonable factfinder could infer that a reasonable person in R's position was "placed in fear" of imminent serious injury.

Thus, this evidence proffered by R, whose testimony the trial court reasonably found to be credible, is sufficient

for a factfinder to conclude that the state met its burden proving each of the elements of the crime of menacing. The trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.