No. 321 April 22, 2026 687

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN THOMAS SHEW,
aka Ryan Shew,
*Defendant-Appellant.*

Linn County Circuit Court
21CR07551; A181695

Brendan J. Kane, Judge.

Argued and submitted September 11, 2025.

Lindsey Burrows argued the cause for appellant. Also on the opening brief was O'Connor Weber LLC. Also on the reply brief was Burrows Appellate Law LLC.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.*

JOYCE, P. J.

Convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

Lagesen, Chief Judge *vice* Armstrong, Senior Judge.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for one count of first-degree sodomy (Count 1) and two counts of first-degree sexual abuse (Counts 3 and 4). He raises six assignments of error. In his first assignment of error, defendant claims that the trial court erred by denying his motions, one made before trial and one made after the state's case-in-chief, to require the state to elect the instances of conduct underlying each count. In his second assignment of error, he claims, alternatively, that the trial court plainly erred by failing to issue a concurrence instruction to the jury. In defendant's third through fifth assignments of error, he claims that the trial court erred by failing to grant his motions for judgment of acquittal (MJOA) on Counts 1, 3, and 4, respectively. In his sixth assignment of error, defendant claims that the trial court plainly erred by entering separate convictions for Counts 3 and 4. We agree that the trial court plainly erred by entering separate convictions for Counts 3 and 4, and we reverse and remand for entry of a judgment of conviction for one count of first-degree sexual abuse and further remand for resentencing. Otherwise, we affirm.

*Pretrial election:* In his first assignment of error, defendant contends that the trial court erred by denying his motion to require the state to elect the instances of conduct underlying each count.[1] Prior to trial, defendant filed a

---

[1] As part of his first assignment of error, defendant also claims that the trial court erred by denying his motion, made at the end of the state's case-in-chief, for "election" on Counts 3 and 4. Although defense counsel referred to that request as addressing an "election issue," defendant's request of the trial court did not concern the type of election defendant now discusses on appeal. Defendant was not asking the trial court to require the state to choose the specific instances of conduct the state would rely on to prove each count, as he now argues. Instead, defendant argued that the state had to choose, or "elect," which count of sexual abuse it wanted to proceed on, contending that there was insufficient evidence to go forward on both. Therefore, he did not preserve the issue for appeal. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("The general requirement that an issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court is well-settled in our jurisprudence."). Further, defendant appears to request plain-error review only for his second assignment of error, which he makes in the alternative to his first assignment of error. Therefore, we decline to exercise our discretion to review for plain error defendant's unpreserved argument regarding election. *See State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) (explaining that although we have discretion to correct a "plain" error, "we normally will not exercise that discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments").

motion for the trial court to, among other things, require the state to "elect a distinct theory on each count before trial, assigning to each count specific differentiating conduct or circumstances." At the hearing on defendant's motion, the state offered to amend the indictment by narrowing the date range for each count to "on or between April 1, 2014[,] and December 31, 2015[,]" and changing the language, "a time separate and distinct," to "a date separate and distinct" from the other charges. Defense counsel stated, "that certainly does help." The trial court then commented on how, without the alleged victim providing a specific date, it did not see how the state could provide a greater level of specificity. Defense counsel replied, "[u]nderstood, Judge. I—I think that this is probably as close as we're going to be able to get." After further discussion between the parties and the court about the best process to make the agreed-upon changes, the court explained the amendment by interlineation, stating that "[i]t just cleans up based on party stipulation, really—not the Court's ruling, but the party stipulation today so if [the state would] file that."

The state then filed an amended indictment reflecting the changes discussed. Defendant now contends that, even with those changes, the indictment and discovery did not provide him with sufficient pretrial notice of the instances of conduct forming the charges against him.

However, he does not point us toward, and we cannot find, an underlying ruling on that issue. "Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." ORAP 5.45(3). Defendant claims that the court denied his motion when, after defense counsel said that the amendment "certainly does help," the trial court said that it was "not sure that the state can provide any greater certainty as to the dates if there isn't a date. *** You can't make them change the facts." However, that observation by the trial court does not appear to be a ruling denying defendant's motion for pretrial election. In fact, the trial court went on to state that the changes to the indictment were based on party stipulation, not the trial court's ruling. Although defense counsel later referred to his motion for pretrial election as having been

"ruled on," that did not make it so. Because the parties stipulated to the amendments to the indictment in lieu of the trial court denying defendant's motion for pretrial election, there is no relevant ruling for us to review. Without a ruling to review, we cannot address defendant's first assignment of error regarding pretrial election.

*Jury concurrence:* In his second assignment of error, defendant contends that the trial court plainly erred by failing to give the jury a concurrence instruction regarding the two first-degree sexual abuse charges, Counts 3 and 4. The state charged defendant with two counts of first-degree sexual abuse, with each count alleging that defendant "did unlawfully and knowingly subject [G], a person under the age of 14 years[,] to sexual contact by touching his buttocks, a sexual or intimate part of [G]." Defendant neither asked the court to require the state to elect the occurrences on which it would proceed nor asked the court to instruct the jury that it had to concur on the occurrence that constituted the basis for each count of sexual abuse.[2] The trial court also did not take either of those actions on its own.

The state concedes that a jury-concurrence measure was plainly warranted in this case but argues that the trial court's failure to provide such an instruction was harmless. Even assuming that the trial court erred in failing to *sua sponte* give the jury a concurrence instruction and that that error is plain, we conclude that error was harmless. *See State v. Horton*, 327 Or App 256, 261-62, 535 P3d 338 (2023) (if an error is plain, we cannot exercise our discretion to correct it if the error is harmless). We thus have no discretion and must affirm because the error was harmless. *Horton*, 327 Or App at 262.

A trial court's failure to give the jury a concurrence instruction is harmless error when "there is little likelihood that, if it had been given the concurrence instruction[,] *** the jury would have reached a different result." *State v. Camphouse*, 313 Or App 109, 116, 491 P3d 94, *adh'd to as modified on recons*, 316 Or App 278, 501 P3d 103 (2021),

―――――――――

[2] As discussed in the preceding footnote, what defendant describes as a motion for election, which he made at the close of the state's case-in-chief, was not a motion for election for purposes of this analysis.

*rev den*, 369 Or 675 (2022) (quoting *State v. Ashkins*, 357 Or 642, 664, 357 P3d 490 (2015)). Defendant claims that the trial court's failure to give a jury concurrence instruction was not harmless because, without a concurrence instruction, there was a risk of an impermissible "mix and match" verdict. We disagree.

The state's evidence of the sexual abuse consisted of G's statements, from both in and out of court, that defendant had touched his penis to G's bare buttocks on more than one occasion during the period that defendant babysat G. That kind of general and "nonspecific and undifferentiated" evidence renders the failure to give a concurrence instruction harmless because that evidence would not lead a juror to conclude that the acts occurred on some of the occasions but not others. *See Ashkins*, 357 Or at 662 (error held harmless where the victim's testimony was "primarily nonspecific and undifferentiated; although she identified some occurrences at particular locations, most of the occurrences were described only generally, and without reference to a time frame").

Further, defendant, rather than dispute whether specific instances of the alleged conduct occurred, denied that any such instances of conduct had happened at all. One of the primary focuses of defendant's case was that defendant did not match G's description of the perpetrator. That kind of defense would not have lead the jury to "reac[h] one conclusion as to some of the occurrences but a different conclusion as to others[,]" causing any error in failing to give a concurrence instruction harmless. *Id.* at 662-63 (error held harmless where the defendant denied that any of the alleged incidents of abuse had occurred and focused on inconsistencies in the victim's statements as well as the lack of direct evidence to support the charges). As a whole, nothing in the record indicates that the jury would have reached a different result had the trial court given a concurrence instruction. Therefore, we conclude that any error in the trial court's failure to give a jury concurrence instruction was harmless.

*MJOAs:* In his third through fifth assignments of error, defendant claims that the trial court erred by denying

his motions for judgment of acquittal on one charge of first-degree sodomy (Count 1) and two charges of first-degree sexual abuse (Counts 3 and 4). Defendant's assignment of error as to Count 1 is preserved, inasmuch as he moved the trial court for judgment of acquittal on Count 1. Defendant did not move the trial court for judgment of acquittal on Counts 3 and 4, but he requests plain-error review.[3] On appeal, defendant claims that the evidence presented at trial was insufficient to convict defendant on any of the charges.[4]

As relevant here, a person commits the crime of sodomy in the first degree when a person engages in anal sexual intercourse with a child under the age of 12. ORS 163.405. A person commits the crime of sexual abuse in the first degree, as relevant here, when a person subjects a child under 14 years of age to sexual contact. *See* ORS 163.427. When reviewing of the denial of an MJOA, we must examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable

---

[3] Defendant argues that he did move for judgment of acquittal on Counts 3 and 4. However, his defense counsel below stated, "we would move the Court * * * to order a judgment of acquittal specifically on Counts 1 and 2, and then ask the Court to make the state choose which of 3 and 4 they're going to pursue and dismiss the other for the following reasons," before arguing that G had only testified to one instance of sexual touching, which could not support both charges. That argument was not the same argument he makes on appeal—that the record contains insufficient evidence to find defendant guilty of a single occurrence of sexual abuse. *See State v. Bistrika*, 262 Or App 385, 399-400, 324 P3d 584, *rev den*, 356 Or 397 (2014) (holding that the defendant's challenges to the sufficiency of evidence were unpreserved when the theory that the defendant presented to the trial court differed substantively from the theory the defendant presented on appeal). Therefore, defendant failed to preserve his claim for appeal.

[4] Defendant also claims that the there was "insufficient evidence that the counts occurred on different days, which was an essential element of the offenses after the state's election." In so arguing, defendant seems to confuse the test for determining the material elements of an offense with the test for determining whether multiple offenses comprise separate criminal episodes. We reject defendant's contention without further discussion. *See, e.g.*, *State v. Milbradt*, 305 Or 621, 631-32, 756 P2d 620 (1988) (holding that time is not a material element of rape or sexual abuse).

inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id*. In the plain-error context, for defendant to prevail, it must be *obvious and not reasonably in dispute* that no rational factfinder could find the essential elements proved on the existing record.

Defendant claims that the evidence was legally insufficient for a rational factfinder to find him guilty because his convictions are based on "out-of-court statements that were untested by cross-examination and are inconsistent with the trial testimony and physical evidence." However, viewed in the light most favorable to the state, the record contains sufficient evidence for a rational factfinder to find that defendant committed first-degree sodomy and first-degree sexual abuse. The state elicited testimony that defendant babysat G on several occasions when G was about four years old, and that, while babysitting G, defendant abused him. During G's forensic interview, which was admitted as substantive evidence, G described defendant touching defendant's penis to G's exposed buttocks "[m]ultiple times." G further described in the forensic interview an instance when defendant inserted his penis into G's rectum. G's descriptions were sufficient evidence for a rational factfinder to find that defendant engaged in anal sexual intercourse with G and subjected G to sexual contact by touching G's buttocks. Thus, the trial court correctly denied defendant's MJOA on Count 1, and the trial court did not plainly err in failing to *sua sponte* enter judgments of acquittal on Counts 3 and 4.

*Merger:* Defendant contends that the trial court plainly erred in failing to merge the guilty verdicts for the two first-degree sexual abuse charges. He claims that the state failed to present adequate evidence that a sufficient pause separated the conduct underlying the two counts. *See* ORS 161.067(3) ("When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there

are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."). The state concedes that the trial court plainly erred by failing to merge the guilty verdicts for Counts 3 and 4 into a single conviction. We agree and accept the state's concession. Therefore, we reverse and remand the convictions on Counts 3 and 4 for entry of a single conviction.

Convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.