No. 566 June 17, 2026 769

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. J. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. J. M.,
*Appellant.*

Douglas County Circuit Court
24JU04265; A186357

Jason R. Thomas, Judge pro tempore.

Submitted May 12, 2026.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jon Zunkel deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Youth appeals from a judgment ordering him to pay restitution for damage that he caused to his mother's television. Because youth failed to preserve his claim of error, we affirm.

Youth admitted committing second-degree criminal mischief by intentionally damaging his mother's television. In the judgment of jurisdiction, the court observed that youth "stipulates that there is a basis for restitution" and set a hearing to determine the amount of restitution. At that hearing, youth's attorney argued that proof as to the amount of restitution was absent given, among other things, the age of the television. The attorney then said, "I'm not sure what the remedy is when there's a minor and not an emancipated child." The juvenile court ordered youth to pay restitution.

On appeal, youth argues that the juvenile court lacked authority to impose restitution because his mother could not recover damages for the television in a civil action. More specifically, he points to ORS 30.765—which makes a parent liable for damages for intentional torts committed by their minor child—and argues that youth's mother would be liable for the economic damages that youth caused. It follows, youth maintains, that mother thus did not suffer any objectively verifiable monetary losses. ORS 31.705(2)(a) (defining economic damages as objectively verifiable monetary losses). That argument is unpreserved. Preservation principles require "a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024). Youth never argued below that the juvenile court could not, as a matter of law, impose restitution. Indeed, he stipulated that restitution would be appropriate and asked only that the juvenile court determine the correct amount.[1]

---

[1] Arguably, this could also be viewed through the lens of invited error, inasmuch as youth stipulated to the propriety of some amount of restitution that he now contends is legally improper. *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (A party invites error when the party is "actively instrumental in bringing about an alleged error." (Internal quotation marks omitted.)). Whether framed as invited error or a lack of preservation, youth cannot prevail on appeal.

And although we have discretion to correct a "plain" error, because youth has not requested plain-error review, we decline to exercise our discretion to review his claimed error as plain error. ORAP 5.45(7) ("The court may decline to exercise its discretion to consider plain error absent a request explaining the reasons that the court should consider the error."); *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) ("[W]e normally will not exercise [our] discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments.").

Affirmed.